# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3026**

**September Term, 2020**

**1:04-cr-00128-RDM-13**

**Filed On:** July 7, 2021

United States of America,

      Appellee

      v.

Jonte Robinson, also known as Tay,

      Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Rogers, Millett, and Katsas, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED and ADJUDGED** that the district court's order entered April 8, 2021, denying appellant's motion for compassionate release be affirmed.  Appellant argues that the district court abused its discretion by not considering appellant's medical reasons for release in combination with his non-medical reasons for release.  However, the record demonstrates that the district court did consider appellant's medical and non-medical arguments together.  See Appendix, Volume II at 436 (discussing the interplay between appellant's arguments for release); United States v. Robinson, No. CR 04-128, 2021 WL 1318027, at *1 (D.D.C. Apr. 8, 2021) (explaining that appellant's "motion is substantial" but that "extraordinary and compelling reasons do not currently warrant [his] release").  Regardless, even if the district court had considered appellant's arguments for release individually, appellant has not demonstrated that such an analysis constitutes an abuse of discretion.  See In re Sealed Case, 932 F.3d 915, 934 (D.C. Cir. 2019) (A district court abuses its discretion when it bases "its ruling on an error of law, a clearly erroneous assessment of the evidence, or an improper weighing of the factors limiting its discretion.").

**No. 21-3026**                                    **September Term, 2020**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**

Mark J. Langer, Clerk

BY:    /s/

Daniel J. Reidy
Deputy Clerk